Voto particular disidente emitido por el
Juez Presidente Señor Hernández Denton,
al cual se unen la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.
Mediante la presente Resolución, una mayoría de este Tribunal desvirtúa el propósito de la figura de admisión por cortesía provista por la Regla 12(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, al admitir al abogado de epígrafe sin cumplir con los requisitos establecidos en ella. Por ello, disiento de ese curso de acción. En su lugar, hu-biera pospuesto la resolución de esta petición y ordenado al abogado a que nos informara en un término de quince días los casos especiales en los que postularía y que pagara los aranceles correspondientes a cada uno.
El abogado peticionario nos ha solicitado la admisión por cortesía para orientar, entrevistar, contratar clientes, presentar querellas y litigar ante la Financial Industry Regulatory Authority (FINRA) en reclamaciones relacionadas con pérdidas de inversiones en el mercado de bonos de Puerto Rico. Con su solicitud acompañó el certificado de buena conducta del Colegio de Abogados de Florida, sellos de rentas internas por $400 y el endoso de los Ledos. Carlos Romero Barceló y Carlos A. Romero, Jr. Sin embargo, en su solicitud no nos da detalles sobre la cantidad de ca-sos ni las partes que representará. Por lo tanto, no nos pone en posición de determinar la existencia ni la probabi-lidad de un caso real en el cual desea postular. Ante esta situación, lo que procede es posponer la consideración de su solicitud.
*767 La Regia 12(f), supra, establece que “[c]ualquier persona admitida al ejercicio de la abogacía en un estado o territorio de Estados Unidos de América o en el Distrito de Columbia podrá ser autorizada por cortesía por este Tribunal para postular como abogado o abogada en Puerto Rico en casos especiales”. (Enfasis suplido). Como requisito, un abogado admitido al ejercicio de la profesión en esta juris-dicción debe endosar la solicitud y dar fe de su capacidad “para postular como abogado o abogada en el caso correspondiente”. (Énfasis suplido). íd. Asimismo, debe presentarse un certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admi-tida al ejercicio de la profesión y sellos de rentas internas por un valor de cuatrocientos dólares ($400), salvo que es-tos se dispensen por este Tribunal. íd.
De esa forma es viable la admisión pro hac vice en nues-tra jurisdicción. Esto permite que un abogado admitido a ejercer la abogacía en un estado de Estados Unidos sea “autorizado a participar como abogado en un caso en espe-cífico que se tramita en otro estado o en Puerto Rico aun cuando no haya sido admitido a ejercer la abogacía en és-tos”, pues satisface las condiciones que el ordenamiento ha establecido para ello. (Énfasis en el original). S. Steidel Figueroa, Ética y responsabilidad disciplinaria del abo-gado, San Juan, Publicaciones JTS, 2010, pág. 83.
La Regla 12, supra, es sumamente importante, pues solo presenta tres instancias en las que se autoriza a un abogado a ejercer la profesión legal en Puerto Rico: (1) la admisión mediante examen, (2) la admisión por cortesía y (3) el ejercicio de la profesión por estudiantes de Derecho. De lo contrario, incurren en el delito de practicar ilegal-mente la profesión, según establecido en la Ley Núm. 17 de 10 de junio de 1939 (4 LPRA see. 740). Cabe destacar que la admisión por cortesía es un mecanismo especial que ha de utilizarse excepcionalmente. El Tribunal tiene discre-ción para hacer la determinación caso a caso. Por ello, no *768 se puede abusar de ella concediendo admisiones por corte-sía a un abogado en un número indeterminado de pleitos.
En In re Wolper et al., 189 DPR 292 (2013), atendimos una controversia similar y aclaramos que cualquier abo-gado no admitido en nuestra jurisdicción que desee compa-recer en representación de una parte en un procedimiento de arbitraje, en aquel caso también ante la FINRA, debe solicitar la admisión por cortesía, según dispuesto en la Regla 12(f) del Reglamento del Tribunal Supremo, supra.
Entiendo que en el país ha surgido una situación difícil relacionada con el mercado de valores en la que se han visto involucradas casas de corretaje como UBS, Popular Securities, Santander Securities, entre otras. A raíz de esto, los inversionistas afectados pudieran querer presen-tar reclamaciones en los foros pertinentes. También cono-cemos que las partes involucradas en una reclamación tie-nen libertad para escoger la representación legal que deseen. No obstante, cuando el abogado seleccionado no está admitido en nuestra jurisdicción, debe completar el proceso de admisión mediante examen, el proceso de admi-sión por cortesía o ser estudiante de Derecho autorizado a practicar la profesión, según dispone la Regla 12, supra.
Precisamente, el abogado de epígrafe solicita la admi-sión por cortesía. Sin embargo, no especifica la cantidad de casos ni las partes que representará. Por esto, conceder la petición es contrario a lo permitido por la Regla 12(f), supra, pues, en lugar de admitirlo por cortesía para que pos-tule en casos especiales, lo estaremos admitiendo para que practique abiertamente la profesión en determinada área del Derecho. El efecto real de esta Resolución es que per-mite un subterfugio para que el abogado solicitante pueda practicar la profesión en nuestra jurisdicción sin haber aprobado el examen de reválida y sin haber cumplido con los requisitos de carácter y reputación que se exigen en este Foro. Esto al permitirle orientar, entrevistar a posi-bles clientes y asumir la representación legal de cuantos *769 casos desee, lo que altera la naturaleza de la admisión por cortesía. Por el contrario, el Tribunal debió definir la can-tidad de casos que un abogado puede tramitar de forma pro hac vice para asegurarnos que no se abuse de este meca-nismo excepcional.
Aunque disiento del proceder de este Tribunal, aprove-cho para recordar al abogado peticionario y a todos aque-llos admitidos al amparo de la Regla 12(f), supra, su deber de cumplir con los cánones del Código de Ética Profesional. En especial, lo relacionado con la contratación y fijación de honorarios.